UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE LEE QUICK,** | : | |
| **Petitioner** | : | **CIV. ACTION NO. 3:26-2072** |
| **v.** | : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. §2254 in which petitioner challenges a 2026 criminal conviction in the Luzerne County Court of Common Pleas. The petition will be dismissed without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

Petitioner, Eddie Lee Quick, is an inmate in Huntingdon State Correctional Institution ("SCI-Huntingdon"). He filed this case on April 14, 2026, in the United States District Court for the Eastern District of Pennsylvania, and that court received and docketed his petition on April 20, 2026. (Doc. 1). Because Quick was convicted in, and is confined in, this district, the Eastern District transferred the case to this district on April 27, 2026.

According to Quick's petition, he was convicted of aggravated assault, attempt to cause bodily injury, and unlawful possession of a weapon on January 13, 2026, in the Luzerne County Court of Common Pleas. (Doc. 1). Quick asserts that there is insufficient evidence to support his convictions and that the court of common pleas violated his right to due process by not giving him trial transcripts. (*Id.*) The petition does not state whether Quick has appealed his conviction in the Pennsylvania Superior Court or challenged his conviction through a state habeas petition under Pennsylvania's Post-Conviction Relief Act ("PCRA").

## II. STANDARD OF REVIEW

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4.

## III. DISCUSSION

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. §2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate

review process." *Id.* at 842. In Pennsylvania, a petitioner is only required to present his claim to the Pennsylvania Superior Court to exhaust state court remedies and is not required to appeal to the Pennsylvania Supreme Court. *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

This case must be dismissed for failure to exhaust state court remedies. Quick's petition is completely silent on whether he has appealed his conviction to the Superior Court, and the court's independent review of his criminal docket and a search of Pennsylvania Superior Court cases on Pennsylvania's online judicial portal indicates that no appeals have been filed. Furthermore, even if an appeal has been filed and the court simply could not find any record of the appeal, it appears from the timing of Quick's habeas petition that he has not yet fully exhausted state court remedies: he was convicted in January 2026, and filed this case a mere three months later, in April 2026. Based on the court's knowledge of the pace at which appeals in Pennsylvania state courts are generally decided, it appears to be impossible that petitioner could have filed an appeal and received a decision from the Superior Court on the merits of his claims in the three months

between his conviction and the filing of this case. Accordingly, his petition will be dismissed for failure to exhaust state court remedies.[1]

## IV. CONCLUSION

For the foregoing reasons, this case will be dismissed without prejudice for failure to exhaust state court remedies. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 8/26/26
26-2072-01

[1] The court also briefly addresses a letter from Quick that the court received and docketed on August 20, 2026, in which he states that a court order he received indicates that a "Pro-Se Legal Assistant" has been assigned to the case. (Doc. 12 at 1). Quick asks why a legal assistant has been assigned to represent him without his consent. (*Id.*) Quick misunderstands the factual situation. No legal assistant has been assigned to represent him or otherwise assist him; rather the pro se legal assistant whose name is indicated on the court's fifteen-day administrative order is an employee of the Clerk's office who assists the Clerk of Court with administrative matters related to any cases filed by pro se litigants. (*See* Doc. 10). This individual is an employee of the court and does not represent plaintiff or any other party in this or any other case.